**XIAO HONG FU, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States
Attorney General, Respondent.**

No. 04–3128–ag.

United States Court of Appeals,
Second Circuit.

June 13, 2007.

Aleksander Milch, Christophe & Associates, P.C., New York, NY, for Petitioner.

Jeffrey A. Taylor, United States Attorney for the District of Columbia, Madelyn

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

E. Johnson, Tom S. Rees, Assistant United States Attorneys, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT A. KATZMANN, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Xiao Hong Fu, a citizen of China, seeks review of a May 25, 2004 order of the BIA affirming the July 25, 2002 decision of immigration judge ("IJ") Theresa Holmes Simmons, denying Fu's application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). *In re Xiao Hong Fu*, No. A77 714 529 (B.I.A. May 25, 2004); *aff'g* No. A77 714 529 (Immig. Ct. N.Y. City July 25, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In the present case, the IJ's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B) (describing standard). As indicated by the IJ, Fu provided vague and evasive answers when asked whether he possessed a household registration booklet for his second marriage and why his wife did not stop working when she discovered her pregnancies.

Additionally, the IJ properly found that Fu's explanation for why he had not registered his marriage until he came to the United States—because he and his wife wanted to have another child—was illogical because, according to Fu's own testimony, he and his wife were not permitted to have another child, regardless of whether their marriage was registered. 6; *See Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir. 2007) ("[S]peculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts ... in light of common sense and ordinary experience.").

Additionally, the IJ found that a marriage certificate that Fu submitted into evidence was counterfeit where a forensics report indicated that it included a composite photograph. Despite the fact that Fu was given the opportunity to submit proof of the Chinese law that permitted use of composite photos, he did not do so. The IJ's finding regarding this document was thus based on a permissible inference, not bald speculation. *See id.* The IJ's conclusion that submission of this fraudulent document reflected adversely on his overall credibility also was permissible. *See id.* at 170.

Further supporting the IJ's finding was Fu's failure to submit a household registration booklet for the second marriage. "While consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected." *Diallo v. INS*, 232 F.3d 279, 285 (2d Cir.2000); *In re S–M–J–*, 21 I. & N. Dec. 722, 724 (BIA 1997).

Because the only evidence of a threat to Fu's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

The petition for review is therefore DENIED. Further, we deny Fu's motion for a stay of removal as moot. 34(d)(1).